Turley, J.
delivered the opinion of the court.
A bill was filed by the defendants against the complainant in the county of Weakley, to recover certain slaves in his pos *594 session and claimed by them; whereupon this bill was filed, charging a champertous agreement between the Ashleys and one J. Rogers, by which he (Rogers,) in consideration of a portion of the property to be recovered, undertook to commence and prosecute the suit against him, and asks that it be dismissed.
That the champertous agreement charged was entered into, and that this suit was in pursuance thereof commenced and prosecuted by the defendant Rogers, is not controverted, but admitted in the answer.
It is however contended, that the contract was entered into between James Ashley and J. Rogers without the knowledge of the other two claimants, and that their right to recover is not to be prejudiced thereby,
It appears from the answers, that James Ashley was appointed agent by his co-defendants to take the proper steps to recover the negroes in controversy, and as a means of doing so, made the champertous contract with J. Rogers; and the question is, whether this taints the whole suit, or only so much of it as affects his interest therein. We are constrained to say that it extends to the whole. We cannot divide and separate the interests of the parties, in the manner proposed. The suit is an entire thing, commenced in violation of express law, and under a contract made by-one of the parties for and on behalf of himself and the others. But for the fact, that the suit has been so long depending that the statute of limitations is now a bar to further proceedings, we apprehend the distinction now sought to be taken would not have been thought of. The fact, that the statute operates as a bar, can make no difference in the action of the court upon this subject. The suit was illegally commenced, and we are bound to dismiss it. Let it be done.